## LIBERTY INDEPENDENT SCHOOL DIST. v. RICHARDSON.   (No. 1588.)

Court of Civil Appeals of Texas. Beaumont. Nov. 10, 1927.

Appeal and error ⬧⮞78(1)—Interlocutory order consolidating suits to recover taxes held not "final judgment," and not appealable.

Interlocutory order consolidating two suits by school district to recover taxes due on real estate owned by defendant, not attempting to adjudicate or dispose of main issues presented for determination, is not "final judgment" such as may be appealed from.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Separate suits by the Liberty Independent School District against J. F. Richardson. From an interlocutory order consolidating the suits, plaintiff appeals. Appeal dismissed.

J. F. Dabney, of Houston, for appellant.
Stevens & Stevens, of Liberty, for appellee.

O'QUINN, J. This is an appeal from an order of the district court of Liberty county, Tex., consolidating two suits brought by appellant against appellee for certain taxes alleged to be due by appellee on real estate owned by him within the limits of the school district. The suits pertained to different tracts of land.

The judgment attempted to be appealed from is an interlocutory order, which merely consolidates suits between the same parties. It makes no attempt to adjudicate or in any manner dispose of the main issues presented for determination, and is in no sense a final judgment such as may be appealed from, in the absence of statutory authority so to do.

Because there has been no final judgment in the court below, and there being no law authorizing an appeal from such an interlocutory judgment, we are without jurisdiction, and therefore the appeal should be dismissed, and it is so ordered.